McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant,
Prestige Maintenance USA

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RHONDA BRACKETT,<br><br>**Plaintiff,**<br><br>vs.<br><br>**PRESTIGE MAINTENANCE, USA A/K/A PRESTIGE CLEANING SERVICE, J. C. PENNEY CORPORATION, INC., et al.,**<br><br>**Defendants.** | **Civil Action Number:**<br><br><br>**AFFIDAVIT**<br><br>**ELECTRONICALLY FILED** |

STATE OF NEW JERSEY   )
                                            )   ss:
COUNTY OF MORRIS   )

I, DIANA M. HENDRY, ESQ., duly sworn according to law, upon my oath, depose and say:

1. I am an attorney in the State of New Jersey and of counsel with the firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP.

2. I am familiar with the facts and statements made herein.

3. The Summons and Complaint and Amended Complaint annexed hereto as Exhibit A are true copies from our file in this matter.

4. The Affidavit of Service, which states that the Summons and Complaint were served on Prestige Maintenance USA ("Prestige") on March 31, 2020, is a true copy from our file in this matter, is annexed hereto as Exhibit B.

5. At the time the State Action was filed, Prestige was and continues to be a corporation organized and existing by virtue of the laws of the State of Texas with its principal place of business at 7460 W 100th Place, Bridgeview IL 60455.

6. At the time the State Action was filed, J. C. Penney was and continues to be a corporation organized and existing by virtue of the laws of the State of Delaware with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024.

7. Plaintiff resides in the Township of Montclair, County of Essex, State of New Jersey. Exhibit A.

8. Based on the Amended Complaint and upon information and belief, plaintiff is a citizen of the State of New Jersey.

9. I initially sent an email to plaintiff's counsel on March 17, 2020, regarding the issue of removal.

10. I subsequently spoke with plaintiff's counsel on the telephone, regarding the issue of removal and he was not amenable to stipulating to damages less than $75,000.

11. On April 29, 2020, I emailed plaintiff's counsel to confirm that he was not willing to stipulate on behalf of his client to damages less than the jurisdictional threshold with regard to defendant Prestige.

12. I have not received a reply to that email.

13. Plaintiff has not made a settlement demand.

14. A subpoena was issued for records pertaining to plaintiff.

15. As a result, Prestige has obtained certain medical records.

16. In those medical records is a report by Dr. Robin M. Gehrmann of Collegiate Orthopaedics & Sports Medicine Institute. A true copy from our file in this matter is annexed hereto as Exhibit C.

17. Dr. Gehrmann summarizes plaintiff's medical treatment and diagnoses.

18. Dr. Gehrmann's impression includes the opinion that "I feel she has developed complex regional pain syndrome involving her left knee. . . I feel she would benefit from evaluation by a pain management physician who could potentially perform some nerve blocks as well as comprehensive physical therapy."

19. Dr. Gehrmann relates her symptoms to the incident at issue.

20. Complex regional pain syndrome is a very serious diagnosis that can lead to significant damages if proven.

21. J. C. Penney has consented to removal of this action to federal court.

22. If plaintiff is able to demonstrate that her alleged injuries and medical procedures are a result of the incident complained of at J. C. Penney, as she alleges in her Amended Complaint; if she is able to prove that Prestige permitted a hazardous condition to exist on its premises, as alleged in the Amended Complaint, and if she is able to demonstrate that her condition and/or symptoms are not a result of any pre-existing condition, if she is able to demonstrate that her diagnoses are valid; and if she is able to demonstrate that her alleged injuries are causally related to the alleged hazardous condition, then a trier of fact could find that plaintiff's damages exceed $75,000.

      I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Diana M. Hendry, Esq.

Sworn to and subscribed
before me this 30th day
of April 2020.

*[Notary signature: Aisha R. Gabriel]*

```
AISHA R. GABRIEL
Commission #2400136
Notary Public, State of New Jersey
My Commission Expires
September 08, 2020
```

4

# EXHIBIT A

## SUMMONS

| | | |
|---|---|---|
| Attorney(s) | ANDREW H. GRAULICH | |
| Office Address | 17 Academy Street | |
| | Suite 1111 | |
| Town, State, Zip Code | Newark, NJ 07102 | |
| Telephone Number | (973) 642-7555 | |
| Attorney(s) for Plaintiff | Rhonda Brackett | |

**Superior Court of New Jersey**

Essex _____ COUNTY
LAW DIVISION    DIVISION

Docket No: L-1838-20

RHONDA BRACKETT

Plaintiff(s)

Vs.
PRESTIGE MAINTENANCE, USA, et al.

Defendant(s)

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED:   03/19/2020

Name of Defendant to Be Served:   Prestige Maintenance USA

Address of Defendant to Be Served:   1808 10th Street, Suite 300, Plano, Texas 75074

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

ANDREW H. GRAULICH, ESQ.
17 ACADEMY STREET, SUITE 1111
NEWARK, NEW JERSEY 07102
(973 642-7555
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| RHONDA BRACKETT,<br><br>                              Plaintiff,<br>vs.<br><br>PRESTIGE MAINTENANCE, USA,<br>A/K/A PRESTIGE CLEANING<br>SERVICE, J.C. PENNY CORPORATION,<br>INC. AND JOHN DOE/ABC, INC., A<br>FICTITIOUS NAME,<br><br>                              Defendant. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY – LAW DIVISION<br>DOCKET NO.: L-1838-20<br><br>CIVIL ACTION<br><br>AMENDED COMPLAINT<br>COMPLAINT AND JURY DEMAND |

Plaintiff, Rhonda Brackett, residing at 12-14 Elm Street, Unit 12, in the Township of Montclair, County of Essex and State of New Jersey, by way of complaint says:

### FIRST COUNT

1.  On or about April 23, 2018, Plaintiff, Rhonda Brackett was a business invitee of Defendant, J.C. Penny Corporation, Inc., located at 488 Woodbridge Center, Woodbridge, New Jersey 07095-1305.

2.  At all times mentioned herein, the aforesaid premises were owned, managed, supervised, maintained and/or controlled by Defendants, J.C. Penny Corporation and/or Prestige Maintenance, USA a/k/a Prestige Cleaning Service and/or John Doe through their agents, servants and employees.

3.  On the about April 23, 2018, Plaintiff, Rhonda Brackett, was traversing the aforementioned property. While exercising due care and caution for her own safety, Plaintiff sustained an fall down accident due to the poor construction and slippery surface of the aforesaid property.

4.  Defendants and each of them had a duty to exercise reasonable care to protect Plaintiff, by inspection, maintenance and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeble uses of the aforesaid property.

5. Defendants and each of them had a duty to warn Plaintiff of the aforesaid dangerous and unsafe conditions existing on the aforesaid property.

6. Defendants and each of them breached their duties to Plaintiff by carelessly and negligently supervising, maintaining and controlling the aforesaid property and failing to adequately warn Plaintiff of the hazardous conditions present on the property.

WHEREFORE, Plaintiff Rhonda Brackett, demands judgment against the Defendants and each of them for damages, interest and costs of suit.

## SECOND COUNT

1. Plaintiff, Rhonda Brackett repeat each and every allegation of the First Count of the Complaint as if more fully set forth herein.

2. At the time of the incident alleged herein Plaintiff, Rhonda Brackett was the agent, servant and employee of Defendant, J.C. Penny Corporation working in the course and scope of her employment, and was lawfully on the premises.

3. The Defendant, J.C. Penny Corporation, Inc., is named for discovery purposes only, and the only relief sought from J.C. Penny Corporation is for any investigative records relating to determining the culpable party or parties, their agents, servants and/or employees, that caused or contributed to the Plaintiff, Rhonda Brackett's accident and injuries at the construction site, thereby causing her to be painfully and permanently injured, and otherwise damaged as previously set forth at length herein.

WHEREFORE, Plaintiff, Rhonda Brackett, demands judgment on the Second Count requiring Defendant, J.C. Penny Corporation, Inc. to comply with any and all discovery demands.

ANDREW H. GRAULICH, ESQ.
ATTORNEY FOR PLAINTIFF

By: _____
ANDREW H. GRAULICH, ESQ.

Dated: March 19, 2020

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues.

ANDREW H. GRAULICH, ESQ.
ATTORNEY FOR PLAINTIFF

By: _____
ANDREW H. GRAULICH, ESQ.

Dated: March 19, 2020

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the within matter in controversy is not the subject of any other action or arbitration proceeding, nor is any contemplated.

ANDREW H. GRAULICH, ESQ.
ATTORNEY FOR PLAINTIFF

By: _____
ANDREW H. GRAULICH, ESQ.

Dated: March 19, 2020

ANDREW H. GRAULICH, ESQ.
17 ACADEMY STREET, SUITE 1111
NEWARK, NEW JERSEY 07102
(973 642-7555
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| RHONDA BRACKETT,<br><br>                 Plaintiff,<br>vs.<br><br>PRESTIGE CLEANING SERVICE, J.C. PENNY CORPORATION, INC. AND JOHN DOE/ABC, INC., A FICTITIOUS NAME,<br><br>                 Defendant. | **SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY – LAW DIVISION<br>DOCKET NO.:**<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Rhonda Brackett, residing at 12-14 Elm Street, Unit 12, in the Township of Montclair, County of Essex and State of New Jersey, by way of complaint says:

### FIRST COUNT

1. On or about April 23, 2018, Plaintiff, Rhonda Brackett was a business invitee of Defendant, J.C. Penny Corporation, Inc., located at 488 Woodbridge Center, Woodbridge, New Jersey 07095-1305.

2. At all times mentioned herein, the aforesaid premises were owned, managed, supervised, maintained and/or controlled by Defendants, J.C. Penny Corporation and/or Prestige Cleaning Service and/or John Doe through their agents, servants and employees.

3. On the about April 23, 2018, Plaintiff, Rhonda Brackett, was traversing the aforementioned property. While exercising due care and caution for her own safety, Plaintiff sustained an fall down accident due to the poor construction and slippery surface of the aforesaid property.

4. Defendants and each of them had a duty to exercise reasonable care to protect Plaintiff, by inspection, maintenance and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the aforesaid property.

5. Defendants and each of them had a duty to warn Plaintiff of the aforesaid dangerous and unsafe conditions existing on the aforesaid property.

6. Defendants and each of them breached their duties to Plaintiff by carelessly and negligently supervising, maintaining and controlling the aforesaid property and failing to adequately warn Plaintiff of the hazardous conditions present on the property.

WHEREFORE, Plaintiff Rhonda Brackett, demands judgment against the Defendants and each of them for damages, interest and costs of suit.

## SECOND COUNT

1. Plaintiff, Rhonda Brackett repeat each and every allegation of the First Count of the Complaint as if more fully set forth herein.

2. At the time of the incident alleged herein Plaintiff, Rhonda Brackett was the agent, servant and employee of Defendant, J.C. Penny Corporation working in the course and scope of her employment, and was lawfully on the premises.

3. The Defendant, J.C. Penny Corporation, Inc., is named for discovery purposes only, and the only relief sought from J.C. Penny Corporation is for any investigative records relating to determining the culpable party or parties, their agents, servants and/or employees, that caused or contributed to the Plaintiff, Rhonda Brackett's accident and injuries at the construction site, thereby causing her to be painfully and permanently injured, and otherwise damaged as previously set forth at length herein.

WHEREFORE, Plaintiff, Rhonda Brackett, demands judgment on the Second Count requiring Defendant, J.C. Penny Corporation, Inc. to comply with any and all discovery demands.

ANDREW H. GRAULICH, ESQ.
ATTORNEY FOR PLAINTIFF

By: _____
ANDREW H. GRAULICH, ESQ.

Dated: March 5, 2020

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues.

ANDREW H. GRAULICH, ESQ.
ATTORNEY FOR PLAINTIFF

By: _____
ANDREW H. GRAULICH, ESQ.

Dated: March 5, 2020

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the within matter in controversy is not the subject of any other action or arbitration proceeding, nor is any contemplated.

ANDREW H. GRAULICH, ESQ.
ATTORNEY FOR PLAINTIFF

By: _____
ANDREW H. GRAULICH, ESQ.

Dated: March 5, 2020

# EXHIBIT B

04/27/2020  03:54 PM  PDT  TO:19736898887  FROM:9736898887         Page: 1

RHONDA BRACKETT                          Plaintiff              Superior Court of New Jersey
                        vs.                                     Venue:  ESSEX
PRESTIGE MAINTENANCE, USA, A/K/A PRESTIGE    Defendant          Docket Number:  ESX L 1838 20
CLEANING SERVICE, ET AL

**Person to be Served** (Name & Address):
PRESTIGE MAINTENANCE, USA                                       **AFFIDAVIT OF SERVICE**
1808 10TH STREET                                                (For use by Private Service)
#300
PLANO, TX 75026
Attorney:                                                       Cost of Service pursuant to R. 4:4-3(c)
                                                                $ _____

**Papers Served:**
SUMMONS, AMENDED COMPLAINT, CERTIFICATION, TRACK ASSIGNMENT NOTICE, COMPLAINT

**Service Data:**
Served Successfully   [X]     Not Served   [ ]     Date  Tue, Mar 31 2020    Time:  01:29 PM

[ ] Delivered a copy to him / her personally          Name of Person Served and relationship or title
[ ] Left a copy with a competent household            OTIS SCOTT
    member over 14 years of age residing              V P OF HR
    therein (indicate name & relationship at right)
[X] Left a copy with a person authorized to
    accept service, e.g., management agent,
    registered agent, etc.
    (indicate name & official title at right)

**Description of Person Accepting Service:**

Sex:  Male    Age:  45-50    Height:  5'10"    Weight:  200+    Skin Color:  African American    Hair Color:  Black

**Unserved:**

[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] No response on:  Date: _____   Date: _____
                     Time: _____   Time: _____
[ ] Other: _____    Comments or Remarks _____

**Server Data:**

Subscribed and Sworn to me this                     I, Kurt Schedler, was at the time of service a competent adult and
8th day of APRIL, 2020                              not having a direct interest in the litigation. I declare under
                                                    penalty of perjury that the foregoing is true and correct.

Notary Signature: _____                 _____
                                                    Kurt Schedler
                                                    2221 Justin Road 119-
        CHAD NACKE                                  328, Flower Mound, TX
        Notary Public, State of Texas               75028, 214-355-0875
        Comm. Expires 09-01-2023
        Notary ID 128726903

# EXHIBIT C



**Robin M. Gehrmann, MD**

### 11/11/2019 - MON - Brackett, Rhonda

**DATE OF BIRTH:** 

### INDEPENDENT MEDICAL EXAMINATION

This is a 51-year-old female who is here today for an independent medical evaluation. She is here for an injury that she sustained on 04/23/2018, when she was working for JC Penney. She slipped and fell. She said she hurt her knee, had swelling at that time, as well as some ribs. She states she went to Concentra where she had x-rays that demonstrated no evidence of any fracture, and then had physical therapy for treatment of this swollen painful knee. This did not resolve her symptoms. She was then referred to two separate orthopedic surgeons. The first was Dr. Zaretsky who evaluated her and also evaluated an MRI that was carried out on 05/16/2018. He felt that she may have been a candidate for a diagnostic arthroscopy, but her MRI at that time was read with no significant meniscal or ligamentous injuries.

She then saw Dr. Levitsky on 08/08/2018, who felt that she also had posttraumatic patellofemoral pain syndrome and contusion, along with synovitis. She was treated with a corticosteroid injection, as well as a series of viscosupplementation injections, the last of which occurred on 11/19/2018, almost a year ago.

She said she has never really returned back to her normal level of function. Her knee is swollen and painful. She now works for Advantage Apparel, which she has a sedentary job, as opposed to selling clothing retail.

She says it is necessary for her to use a cane to ambulate. She also did have a repeat MRI, which was carried out on 03/11/2019, which was essentially unchanged from her prior MRI the year before.

**PHYSICAL EXAMINATION:** On examination today, Rhonda is a pleasant female. She ambulates with an obviously antalgic gait. She is using a cane to ambulate. Her temperature is 98.4. Her pulse is 90. Her blood pressure is somewhat elevated at 180/112. She has her affected left knee wrapped in an ACE bandage. We removed this. In the supine position, I evaluated her right knee first. She hyperextends about 5 degrees and flexes to 130 degrees. On the left, her skin is intact. She does have some callus over the anterior aspect of her knee just over the patella. She has neutral limb alignment bilaterally and symmetric limb length. Again, her right knee ranges from 5 degrees of hyperextension to 130 degrees of flexion. On her left side, she is tender to the touch, even light touch to the skin. The whole anterior aspect of her knee is uncomfortable. She has pain with patellar compression and inhibition testing. Her joint lines are diffusely tender as well. I can elicit no ligamentous instability. I can elicit no signs of an effusion today. Her range of motion on this affected left knee is, maximum, 10 to 85 degrees that I can get her to go from both the supine and seated position. She is guarding significantly and describes the pain as anterior and deep with any motion beyond this level. The remainder of her lower extremity examination is otherwise normal in terms of sensation and motor function. She has normal ankle range of motion as well.

Brackett, Rhonda
Page 2

**IMAGING**: I reviewed her two MRIs from Montclair Radiology online. I was able to evaluate them. The first MRI on 05/16/2018 showed some very minor degenerative cartilage change underneath the patella with soft tissue prepatellar bursal inflammation. She had no significant meniscal or ligamentous pathology and, again, very mild degenerative changes throughout the knee. When compared to her repeat MRI done at the same facility on 03/11/2019, her MRI was essentially the same, however, there was resolution of the prepatellar bursitis and inflammation.

**IMPRESSION**: A 51-year-old female with left knee pain and dysfunction since 04/23/2018.

It is my feeling that, at this point in time, based on the history and physical examination, I feel she has developed complex regional pain syndrome involving her left knee. The prognosis is potentially good, however, it is not a surgical treatment course that would benefit her. I feel she would benefit from evaluation by a pain management physician who could potentially perform some nerve blocks as well as comprehensive physical therapy.

I feel that her symptoms are, unfortunately, related to the accident that occurred on 04/23/2018. She has never really improved. Her treatment course was appropriate as far as I can tell and, again, I do agree she is not a surgical candidate in any way at this point in time. I think her treatment to date, again, has been medically necessary and appropriate and, at this point in time, I would recommend treatment by a pain management specialist and physical therapist.

I feel that she can certainly continue with the light duty work capacity that she is currently at. She has difficulty with prolonged standing and ambulation, so I therefore do not anticipate she would be able to return back to a retail position on the floor. At this point, I do not believe she is MMI, as I do not believe that her complex regional pain syndrome has really been treated. I would probably give this about three to four months of treatment with a pain management physician and physical therapist and, at that point in time, I would anticipate hopefully significant improvement.

Please feel free to contact me at any point in time, if there are any other questions or concerns regarding the treatment of this patient.

Sincerely,


ROBIN M. GEHRMANN, M.D.

RMG/ll